1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALFRED KING,                              No.  2:13-cv-2010 CKD P

12                  Plaintiff,

13        v.                                   ORDER

14   CALIFORNIA DEPARTMENT OF
     CORRECTION & REHABILITATION, et
15   al.,

16                  Defendants.

17

18        Plaintiff is a state prisoner proceeding pro se with this action brought pursuant to 42

19   U.S.C. § 1983.  Plaintiff has paid the statutory filing fee for this action.  28 U.S.C. §§ 1914(a),

20   1915(b)(1).

21        The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

27   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

28   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

                                              1

1    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4    Cir. 1989); Franklin, 745 F.2d at 1227.

5           In order to avoid dismissal for failure to state a claim a complaint must contain more than

6    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

7    of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

8    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

9    statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

10   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

11   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

12   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

13   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

14   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

15   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

16   U.S. 232, 236 (1974).

17          Here, plaintiff alleges that, despite his chronic asthma, he was transferred to Avenal State

18   Prison, or "'ground zero' for Valley Fever," a fungal disease.  A classification committee at

19   Avenal determined that plaintiff should be transferred, but that decision was overruled by a

20   Classification Services Representative.  Soon afterward, plaintiff became ill, experiencing

21   coughing, fever, weakness, chills, difficulty breathing, and twenty pounds weight loss.  Plaintiff

22   was initially diagnosed with a lung infection, but eventually determined to have Valley Fever.  He

23   was subsequently transferred to CSP-San Quentin.  Plaintiff alleges that "deliberate indifference

24   has been demonstrated throughout this entire process[.]"  (ECF No. 1 at 6.)

25          Plaintiff's allegations are concerning.  However, defendant CDCR – one of two

26   defendants named – is immune from suit under the doctrine of sovereign immunity.  The

27   Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a

28   state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan,

440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  The State of California has not consented to suit.  Thus plaintiff's claims against this defendant are frivolous and must be dismissed.  The second named defendant – California Department of Corrections Medical Care Services – is immune for the same reason.[1]

For the foregoing reasons, plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.  Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).  A showing of merely negligent medical care is not enough to establish a constitutional violation.  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

---

[1] The remaining defendants are identified as "John Does 1-15."  "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9thCir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

1   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

2   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

3   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

5   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

6   complaint be complete in itself without reference to any prior pleading.  This is because, as a

7   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

8   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

9   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

10  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11         In accordance with the above, IT IS HEREBY ORDERED that:

12         1.  Plaintiff's complaint is dismissed.

13         2.  Plaintiff is granted thirty days from the date of service of this order to file an amended

14  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

15  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

16  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

17  two copies of the amended complaint; failure to file an amended complaint in accordance with

18  this order will result in a recommendation that this action be dismissed.

19  Dated:  November 12, 2013

20  _____
                CAROLYN K. DELANEY
21              UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26  2 /king2010.14.new

27

28

4