UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED KING,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORECTIONS & REHABILITATION, et al.,<br><br>    Defendants. | No. 2:13-cv-2010 MCE CKD<br><br>ORDER &<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

    Plaintiff is a state prisoner, proceeding pro se, who seeks relief pursuant to 42 U.S.C. §1983. Before the court for screening is plaintiff's first amended complaint. (ECF No. 9 ("FAC").)

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

    Plaintiff alleges that officials at Solano State Prison transferred him to Avenal State Prison in April 2012, despite knowing that he had a chronic lung condition and that Avenal was "ground zero" for an outbreak in certain state prisons of the fungal disease Valley Fever. Plaintiff alleges

1

1  that defendants Ferguson and Cappel were classification committee members who "put [him] up
2  for transfer." (ECF No. 9 at 5.)  Once at Avenal, plaintiff alleges, he should have been promptly
3  transferred for medical reasons, but defendant L. Williams, a Classification Staff Representative,
4  "decided against" his transfer in May 2012.  "Consequently, I was retained at Avenal State Prison
5  where, shortly thereafter, I contracted Valley Fever and almost died – I am still taking medication
6  for this debilitating and often lethal disease!" (Id. at 6.)

7  The undersigned concludes that, for screening purposes, the FAC states cognizable claims
8  pursuant to 42 U.S.C. § 1983 against the following defendants: Ferguson, Cappel, and Williams.
9  (See ECF No. 6 at 3 (legal standard for deliberate indifference to serious medical needs under
10 §1983).)

11 As to the other named defendants, plaintiff has not sufficiently alleged their participation
12 in the decisions that put his health at risk so as to state a § 1983 claim.  There can be no liability
13 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's
14 actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633
15 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and
16 conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.
17 Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18 Accordingly, the undersigned will recommend that this action be dismissed as to all
19 defendants except Ferguson, Cappel, and Williams.

20 In accordance with the above, IT IS HEREBY ORDERED that:

21 1. Service is appropriate for the following defendants: C. Ferguson, R. W. Cappel, and L.
22 Williams.

23 2. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an
24 instruction sheet and a copy of the amended complaint filed January 10, 2014.

25 3. Within thirty days from the date of this order, plaintiff shall complete the attached
26 Notice of Submission of Documents and submit the following documents to the court:

27 a. The completed Notice of Submission of Documents;
28 b. One completed summons;

2

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Four copies of the endorsed amended complaint filed January 10, 2014.

  4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs;

  IT IS HEREBY RECOMMENDED THAT the first amended complaint be dismissed as to all defendants except C. Ferguson, R. W. Cappel, and L. Williams.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 18, 2014

                _/s/ Carolyn K. Delaney_
                CAROLYN K. DELANEY
                UNITED STATES MAGISTRATE JUDGE

2 / jone1375.fac